# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| CARNELL MARIE SMITH | § | Case No. 1:12-00149-ABG |
| | § | |
| Debtor | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 01/04/2012 . The undersigned trustee was appointed on 01/04/2012 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

| | | |
|---|---|---|
| 4. The trustee realized gross receipts of | $ | 12,222.42 |
| | | |
| Funds were disbursed in the following amounts: | | |
| | | |
| Payments made under an interim disbursement | | 0.00 |
| Administrative expenses | | 0.00 |
| Bank service fees | | 45.70 |
| Other payments to creditors | | 0.00 |
| Non-estate funds paid to 3rd Parties | | 0.00 |
| Exemptions paid to the debtor | | 0.00 |
| Other payments to the debtor | | 0.00 |
| | | |
| Leaving a balance on hand of[1] | $ | 12,176.72 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.  The deadline for filing non-governmental claims in this case was  05/08/2014  and the deadline for filing governmental claims was  05/08/2014 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 1,972.24 .  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00  as interim compensation and now requests a sum of $ 0.00 , for a total compensation of $ 0.00 [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 0.00 , for total expenses of $ 0.00 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 03/07/2019_____     By:/s/RONALD R. PETERSON_____
                                                              Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 12-00149 | ABG | Judge: | A. Benjamin Goldgar | Trustee Name: | RONALD R. PETERSON |
| Case Name: | CARNELL MARIE SMITH | | | | Date Filed (f) or Converted (c): | 01/04/2012 (f) |
| | | | | | 341(a) Meeting Date: | 02/22/2012 |
| For Period Ending: | 03/06/2019 | | | | Claims Bar Date: | 05/08/2014 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Post Petition Cash                            (u)<br><br>Cash from Safety Deposit Box | 5.00 | 0.00 | | 28.00 | FA |
| 2. Bank account                                  (u) | 0.00 | 0.00 | | 725.42 | FA |
| 3. 5634 S. Hoyne,Chicago | 20,000.00 | 0.00 | | 0.00 | FA |
| 4. 444 East 134st Street , Chicago, Il | 16,500.00 | 0.00 | | 0.00 | FA |
| 5. Pre-petition cash | 5.00 | 0.00 | | 0.00 | FA |
| 6. Household goods | 500.00 | 0.00 | | 0.00 | FA |
| 7. Clothing | 200.00 | 0.00 | | 0.00 | FA |
| 8. Hidden Cash with Son                          (u) | 0.00 | 100,000.00 | | 11,469.00 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)          $37,210.00          $100,000.00                    $12,222.42          $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

April 8, 2018:  The case is fully administered.  I am in process of preparing the final fee application.  Creditors will not receive a distribution in this case.  The TFR should be filed by 6/30/2018.

Exhibit A

April 22, 2017:  There will be no distribution to creditors.  I heard the case of the pro se mother and filed an NDR.  Her daughter reported to me several years later that her brother had bound $100,000 in a shoe box in her closet and had spent most of it.  We could not account for all of the cash, but the brother did turn over $13,000 us that he had not spent.  The brother is judgment proof, and the court approved the settlement.  I spent more than $50,000 in fees deposing the sister in Atlanta and the son here.  I will close in the estate within 90 days.

April 25, 2016.  This case is fully administered, and Alexis Gabay is closing the case.

April 24, 2015, 01:20 pm:  This is a bankruptcy fraud case in which the fraudster, a pro se filer, has died.  We have completed the administration of the case.  I am working on the fee application and expect to file a TFR by late summer.


Mom died in February 2013



Initial Projected Date of Final Report (TFR): 12/31/2010          Current Projected Date of Final Report (TFR): 06/30/2018

Case 12-00149   Doc 49   Filed 03/12/19   Entered 03/12/19 16:27:54   Desc Main
Document   Page 5 of 11

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | | |
|---|---|---|
| Case No: 12-00149 | Trustee Name: RONALD R. PETERSON | |
| Case Name: CARNELL MARIE SMITH | Bank Name: Associated Bank | |
| | Account Number/CD#: XXXXXX8695 | |
| | Checking Account (Non-Interest Earn | |
| Taxpayer ID No: XX-XXX0975 | Blanket Bond (per case limit): $54,824,000.00 | |
| For Period Ending: 03/06/2019 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 05/02/14 | 1 | CARNELL SMITH | Casjh from Safety Deposit Box | 1229-000 | $28.00 | | $28.00 |
| 05/02/14 | 2 | CARNEL SMITH BANK ACCOUNT | Bank Account | 1229-000 | $725.42 | | $753.42 |
| 10/20/14 | 8 | HILTZ & WANTUCH, LLC IOLTA Trsute Accounts1033 W. Venon Park Pl,APT, BChicago, I 60607-3450 | Turnover of Secreted Assets | 1229-000 | $11,469.00 | | $12,222.42 |
| 11/07/14 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | $10.00 | $12,212.42 |
| 12/05/14 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | $17.57 | $12,194.85 |
| 01/08/15 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | $18.13 | $12,176.72 |
| 11/01/18 | | Transfer to Acct # xxxxxx0177 | Transfer of Funds | 9999-000 | | $12,176.72 | $0.00 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | $12,222.42 | $12,222.42 |
| Less: Bank Transfers/CD's | $0.00 | $12,176.72 |
| Subtotal | $12,222.42 | $45.70 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $12,222.42 | $45.70 |

Case 12-00149   Doc 49   Filed 03/12/19   Entered 03/12/19 16:27:54   Desc Main

**FORM 2**
Document   Page 6 of 11
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | | |
|---|---|---|
| Case No: 12-00149 | Trustee Name: RONALD R. PETERSON | |
| Case Name: CARNELL MARIE SMITH | Bank Name: Axos Bank | |
| | Account Number/CD#: XXXXXX0177 | |
| | Checking | |
| Taxpayer ID No: XX-XXX0975 | Blanket Bond (per case limit): $54,824,000.00 | |
| For Period Ending: 03/06/2019 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 11/01/18 | | Transfer from Acct # xxxxxx8695 | Transfer of Funds | 9999-000 | $12,176.72 | | $12,176.72 |

| | | |
|---|---|---|
| COLUMN TOTALS | $12,176.72 | $0.00 |
| Less: Bank Transfers/CD's | $12,176.72 | $0.00 |
| Subtotal | $0.00 | $0.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $0.00 | $0.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 6)*          Page Subtotals:          $12,176.72          $0.00

Case 12-00149   Doc 49   Filed 03/12/19   Entered 03/12/19 16:27:54   Desc Main
Document      Page 7 of 11

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX0177 - Checking | $0.00 | $0.00 | $12,176.72 |
| XXXXXX8695 - Checking Account (Non-Interest Earn | $12,222.42 | $45.70 | $0.00 |
| | $12,222.42 | $45.70 | $12,176.72 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $12,222.42 |
| Total Gross Receipts: | $12,222.42 |

Exhibit C

ANALYSIS OF CLAIMS REGISTER

Case Number: 1:12-00149-ABG

Debtor Name: CARNELL MARIE SMITH

Claims Bar Date: 5/8/2014

Date: March 6, 2019

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 2 1 2100 | TRUSTEE RONALD R. PETERSON C/O JENNER & BLOCK LLP 353 NORTH CLARK STREET CHICAGO, IL  60654-3456 | Administrative Payment Status: Valid To Pay | Creditor phone extension: 2981 | $0.00 | $0.00 | $0.00 |
| 3 1 2200 | TRUSTEE RONALD R. PETERSON C/O JENNER & BLOCK LLP 353 NORTH CLARK STREET CHICAGO, IL  60654-3456 | Administrative Payment Status: Valid To Pay | Creditor phone extension: 2981 | $0.00 | $0.00 | $0.00 |
| 1 70 7100 | CAPITAL ONE BANK (USA), N.A. by American InfoSource LP as agent PO Box 71083 Charlotte, NC  28272-1083 | Unsecured Payment Status: Valid To Pay | Date Filed: 02/28/2014 (1-1) Modified on 3/4/2014 to correct creditor address (cg) Interest at .12% | $0.00 | $465.12 | $468.92 |
| 4 100 3110 | JENNER & BLOCK 353 N. CLARK STREET CHICAGO, IL  60654-3456 | Administrative Payment Status: Valid To Pay Claim Category: Administrative Expense | | $0.00 | $11,690.00 | $11,690.00 |
| 5 100 3120 | JENNER & BLOCK 353 N. CLARK STREET CHICAGO, IL  60654-3456 | Administrative Payment Status: Valid To Pay | | $0.00 | $17.80 | $17.80 |
| | Case Totals | | | $0.00 | $12,172.92 | $12,176.72 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

Printed: March 6, 2019

**UST Form 101-7-TFR (5/1/2011)** *(Page: 8)*

TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 1:12-00149-ABG
Case Name: CARNELL MARIE SMITH
Trustee Name: RONALD R. PETERSON

Balance on hand                                    $        12,176.72

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: TRUSTEE RONALD R. PETERSON | $ 0.00 | $ 0.00 | $ 0.00 |
| Attorney for Trustee Fees: JENNER & BLOCK | $ 11,690.00 | $ 0.00 | $ 11,690.00 |
| Attorney for Trustee Expenses: JENNER & BLOCK | $ 17.80 | $ 0.00 | $ 17.80 |

Total to be paid for chapter 7 administrative expenses      $        11,707.80

Remaining Balance                                          $           468.92

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00  must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 468.92  have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be  100.0  percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | CAPITAL ONE BANK (USA), N.A. | $          468.92 | $          0.00 | $          468.92 |

Total to be paid to timely general unsecured creditors          $          468.92

Remaining Balance          $          0.00

Tardily filed claims of general (unsecured) creditors totaling $ 0.00  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be  0.0  percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be  0.0  percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE