# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In Re   CARNELL MARIE SMITH,     )
     )
     )   Bankruptcy No. _____12-00149_____
     )
     Debtor.   )   Chapter   _____7_____

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION
### (IN CASES UNDER CHAPTERS 7, 11 AND 12)

Name of Applicant: _____Jenner & Block LLP_____

Authorized to Provide Professional Services to: _____Ronald R. Peterson, Chapter 7 Trustee_____

Date of Order Authorizing Employment: _____March 1, 2013 (retroactive to 2/21/2013)_____

Period for Which Compensation is Sought:

From _____June 1_____, ____2013____   through _____July 31_____, ____2018____

Amount of Fees Sought:   $ 11,690.00 _____

Amount of Expense Reimbursement Sought:   $ 17.80 _____

This is an:     Interim Application _____     Final Application ___✓___

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| | | | | |

Dated:   March 13, 2019     _____/s/ Ronald R. Peterson_____
     (Counsel)

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CARNELL MARIE SMITH, | ) | Case No. 12-00149 |
| | ) | |
| Debtor. | ) | Honorable A. Benjamin Goldgar |
| | ) | |
| | ) | Hearing:  April 17, 2019 at 10:00 a.m. |
| | ) | |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **Wednesday, April 17, 2019, at 10:00 a.m.,** or as soon thereafter as counsel may be heard, we shall appear before the Honorable A. Benjamin Goldgar or any other judge sitting in his stead in Room 642 at the United States Bankruptcy Court for the Northern District of Illinois, located at 219 South Dearborn Street, Chicago, Illinois, and present the attached **Final Fee Application of Jenner & Block LLP, as Counsel for the Trustee, for Payment of Compensation for Services Rendered and for Reimbursement of Expenses Incurred**.  You may appear at that time and place if you see fit.

Respectfully submitted,

RONALD R. PETERSON, not individually but as but as Chapter 7 Case Trustee for the bankruptcy estate of Carnell Marie Smith

By: _____*/s/Ronald R. Peterson*_____
Ronald R. Peterson

Ronald R. Peterson (02188473)
Alexis N. Gabay (06199478)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL  60654
Telephone:  (312) 840-7812
Facsimile:  (312) 840-7895

Dated:  March 13, 2019

## <u>CERTIFICATE OF SERVICE</u>

I, Ronald R. Peterson, an attorney, certify that on Wednesday, March 13, 2019, I caused a copy of the foregoing **Notice of Motion** and the **Final Fee Application of Jenner & Block LLP, as Counsel for the Trustee, for Payment of Compensation for Services Rendered and for Reimbursement of Expenses Incurred** to be served on each of the parties listed on the attached Service List by the Court's CM/ECF system or by First Class U.S. mail, postage prepaid, as indicated.

_____/s/  *Ronald R. Peterson*_____
Ronald R. Peterson

## <u>SERVICE LIST</u>

*In re Carnell M. Smith*
Case No. 12-00149

**VIA ECF NOTIFICATION:**

- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Ronald Peterson    rpeterson@jenner.com, lraiford@jenner.com
- Ronald R Peterson    rpeterson@jenner.com,
  rpeterson@ecf.epiqsystems.com;docketing@jenner.com
- Ronald R Peterson    rpeterson@jenner.com,
  rpeterson@ecf.epiqsystems.com;docketing@jenner.com
- Roman Sukley    USTPRegion11.es.ecf@usdoj.gov,
  roman.l.sukley@usdoj.gov;cameron.g.gulden@usdoj.gov
- John D. VanDeventer    jvandeventer@jenner.com

**VIA U.S. MAIL:**

| | |
|---|---|
| Capital One Bank (USA), N.A. by American InfoSource LP as agent<br>PO Box 71083<br>Charlotte, NC 28272-1083 | City of Chicago Department of Revenue<br>Bureau of Parking Bankruptcy<br>121 N. LaSalle St., Room 107A<br>Chicago, IL 60602-1232 |
| Cook County Law Magistrate / Chicago<br>50 W. Washington St., Room 1001<br>Chicago, IL 60602-1316 | IBM Lender Business<br>14523 SW Millikan, Suite 200<br>Beaverton, OR 97005-2352 |
| IBM Lender Business Process<br>14523 SW Millikan, Suite 200<br>Beaverton, OR 97005-2352 | Nissan Motor Acceptance Corporation<br>Loss Recovery<br>PO Box 660366<br>Dallas, TX 75266-0366 |
| Seterus<br>14523 SW Millikan, Suite 200<br>Beaverton, OR 97005-2352 | Carnell Marie Smith<br>5634 S. Hoyne<br>Chicago, IL 60636-1132 |
| Patrick S. Layng<br>Office of the U.S. Trustee, Region 11<br>219 S. Dearborn St., Room 873<br>Chicago, IL 60604-2027 | |

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CARNELL MARIE SMITH, | ) | Case No. 12-00149 |
| | ) | |
| Debtor. | ) | Honorable A. Benjamin Goldgar |
| | ) | |
| | ) | Hearing:  April 17, 2019 at 10:00 a.m. |
| | ) | |

## FINAL FEE APPLICATION OF JENNER & BLOCK LLP, AS COUNSEL FOR THE TRUSTEE, FOR PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES INCURRED

Jenner & Block LLP ("Jenner"), counsel to Ronald R. Peterson, the chapter 7 trustee (the "Trustee") for the bankruptcy estate of the debtor in the above captioned case (the "Debtor"), hereby submits this fee application for payment of compensation for services rendered and for reimbursement of expenses incurred (the "Application"), seeking (i) allowance and payment of $11,690.00 in fees for the period from June 11, 2013, through July 31, 2018, (the "Application Period"), and (ii) approval and allowance of actual, reasonable and necessary expenses in the amount of $17.80 incurred during the Compensation Period, pursuant to sections 328, 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), and the United States Trustee Fee Guidelines—Guidelines for Reviewing Applications for Compensation and Reimbursement of Disbursements Filed under 11 U.S.C. § 330 (Appendix A to 28 C.F.R. § 58) (the "UST Guidelines").  In support of this Application, Jenner hereby states as follows:

## INTRODUCTION

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are sections 328, 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016, and Local Rule 5082-1.

## BACKGROUND

3.      On January 4, 2012, the Debtor filed a pro se petition for relief under chapter 7 of title 11 of the United States Code (the "Case").  Thereafter, the United States Trustee for the Northern District of Illinois appointed Ronald R. Peterson as Trustee (the "Trustee") on or about June 13, 2013.

4.      On February 22, 2012, and March 28, 2012, a section 341 meeting of the creditors took place.

5.      The Trustee asked the debtor whether the information contained on her schedules was truthful, accurate, fair and complete, and she answered in the affirmative.  Upon examination of the Debtor under oath, and review of the Debtor's bankruptcy petition and attendant schedules, the Trustee determined that there were no assets to be administered in the Estate.

6.      On April 17, 2012, the Trustee filed a No Distribution Report in this bankruptcy case (See Docket No. 19).  The Debtor received a discharge by order of the Court on May 7, 2012 (Docket No. 22) and the bankruptcy case was closed on May 10, 2012 (See Docket 23).

7.      On information and belief, the Debtor died in February 2013.[1]

---

[1] Rule 1016 of the Federal Rules of Bankruptcy Procedure provides in part that "[d]eath or incompetency of the debtor shall not abate a liquidation case under chapter 7 of the Code. In such event the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death or incompetency had not occurred."

8.      In June 2013, the Trustee received a tip from the Debtor's daughter that the Debtor had substantial liquid assets, estimated at $250,000, within the year prior to the Petition Date and that she hid assets from the Trustee.  The Trustee also received certain documents tending to demonstrate the truth of the tipster's assertions.  The Debtor did not disclose these assets or the transfer of these assets to keep them out of the bankruptcy estate in the section 341 meeting of the creditors.

9.      Upon the Trustee's motion to reopen the case, this Court entered an Order to reopen the Debtor's bankruptcy case on July 3, 2013 (Docket No. 26).  The Trustee was subsequently re-appointed on July 29, 2013 (Docket No. 29).

10.     On July 30, 2013, the Trustee moved the Court to authorize the employment of Jenner as counsel to the Trustee (Docket No. 30).

11.     On March 1, 2013, the Court entered a final order authorizing the retention of Jenner, as of February 21, 2013 (Docket No. 32).

## **PAYMENT AND REIMBURSEMENT REQUESTED**

12.     Jenner submits this Application (a) for payment of compensation for actual, reasonable, and necessary professional services performed by it as counsel to the Trustee during the Application Period, and (b) for reimbursement of actual, reasonable, and necessary disbursements made to pay expenses incurred in representing the Trustee during the Application Period.  This is Jenner's first and final application.

13.     During the Application Period, Ronald R. Peterson, and his associates and staff attorneys at Jenner rendered 190.0 hours of legal services having a lodestar value of $70,624.00.  However, Jenner is only seeking compensation for 32.4 hours of services rendered having a value of $11,690.00 in fees, calculated at their usual and customary hourly rates at the time of service.

This fee request does not include time that might be construed as duplicative or otherwise not beneficial to the Trustee or the Debtor's estates, which has already been eliminated by Jenner.

14.    During the Application Period, litigation counsel Jason N. Knapp worked on this matter. Jenner's fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services in a case not under the Bankruptcy Code.

15.    During the Application Period, Jenner attorneys worked on issues arising from the ownership and liquidation of real estate and personal property belonging to the Debtor's estate, appeared in court on behalf of the Trustee, and assisted in the valuation of property of the estate. These issues included: a) the verification of the Debtor's fraudulent schedules and identification of hidden assets and b) recovery of property of the estate.

16.    Mr. Knapp flew to Atlanta and deposed the Debtor's daughter.  He also deposed the Debtor's son.

17.    As a result the Trustee determined that the Debtor had approximately $200,000 in life insurance proceeds from the death of her husband and that she had hid the case in her closet. She gave generous gifts to friends and family and approximately $40,000 to her son. In August 2014, the Court approved a settlement between the Trustee and the son whereby the son turned over $11,000 to the estate.  The settlement was based upon the son's ability to pay.

18.     The son also told the Trustee that the Debtor had made payments, much of it in cash to friends and relatives and there were no records of the payments and he did not know the recipients.

19.     Jenner maintains computerized records of the time spent by all attorneys and paraprofessionals incurred in connection with the representation of the Trustee in the Cases. Copies of these computerized records are attached hereto as Exhibit A.

20.     All of the services for which compensation is sought were rendered to the Trustee solely in connection with the Case, in furtherance of the duties and functions of the Trustee, and not on behalf of any individual creditor or other person.

21.     Jenner has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in this case.

22.     Jenner has not shared, or agreed to share, (a) any compensation it has received or may receive with another party or person, other than with the members, counsel, and associates of the firm, or (b) any compensation another person or party has received or may receive.   No promises have been received by Jenner or any member thereof as to compensation in connection with these cases aside from that provided by the Bankruptcy Code.

23.     The Trustee has reviewed and approved Jenner's monthly fee statements prior to the filing of this Application.

24.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed prior to the preparation of the Application, Jenner reserves the right to request additional compensation for such services and reimbursement of such expenses.

## BASIS FOR PAYMENT

25.      Professional services and expenses for which compensation and reimbursement are sought were rendered and expended on behalf of the Trustee pursuant to chapter 7 of the Bankruptcy Code.  Jenner believes it is appropriate that it be compensated for the time spent and reimbursed for the expenses incurred in connection with these matters.  All of the fees and expenses sought to be paid or reimbursed in this Application were actual, necessary, and reasonable, and benefited the Debtor's estates and creditors.

26.      As set forth in Jenner's retention application, the Trustee retained Jenner as his counsel for the purpose of advising and representing the Trustee regarding the liquidation of estate property and the administration of the estate.

27.      Detailed descriptions of the day-to-day services provided and the time expended performing such services are attached as Exhibit A.

28.      Exhibit B itemizes all expenses incurred by Jenner on behalf of the Estate during the Application Period.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

29.      The foregoing professional services rendered during the Application Period were necessary and appropriate to assist the Trustee with the administration of the Case and were in the best interests of the Debtor's estate.  The compensation requested for the foregoing services is commensurate with the complexity, importance, and nature of the issues and tasks involved. Jenner has taken significant efforts to ensure that its professional services were performed with expedience, in an efficient manner, and without duplication of effort.

30.    However, since Jenner was only able to recover $12,222 (Docket No. 43) and does not wish to consume the Estate with legal fees, Jenner therefore agrees to a significant reduction of fees and seeks $11,690.00 for the services it provided.

31.    In preparing this Application, Jenner calculated the amount of time spent by its attorneys in performing actual and necessary legal services for the Trustee.  That data came directly from computer printouts that are kept on each Jenner client.  Time entries are kept on daily logs or on computer hard drives.  These entries are in turn used to produce the time records for this Application.  Jenner attorneys have reviewed the computer printouts for errors.

32.    Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

7

Id. § 330(a)(3).

33.     In the instant case, Jenner respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the Trustee's efforts in administrating the Debtor's estate, and necessary to and in the best interests of the Debtor's estate.

34.     In sum, the services rendered by Jenner were necessary and beneficial to the Debtor's estates, and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved.  Accordingly, approval of the final compensation sought herein for the Application Period is warranted.

WHEREFORE, Jenner respectfully requests:  (i) allowance of compensation for professional services rendered during the Application Period in the amount of $11,690.00 in fees, (ii) allowance for actual and necessary expenses Jenner incurred during the Application Period in the amount of $17.80; and (iii) authorization for the Trustee to pay Jenner for the professional services rendered and expenses incurred during the Application Period.

Respectfully submitted,                     RONALD R. PETERSON, not individually
                                            but as Chapter 7 Case Trustee for the
                                            bankruptcy estate of Carnell Marie Smith


                                            By:_____/s/Ronald R. Peterson_____
                                                        Ronald R. Peterson

Ronald R. Peterson (02188473)
Alexis N. Gabay (06199478)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL  60654
Telephone:  (312) 840-7812
Facsimile:  (312) 840-7895


Dated:  March 7, 2019